CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

June 10, 2019

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910

Jennifer H. Stinnette, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Lakesha J. v. Nancy A. Berryhill, Acting Commissioner, Social Security Administration, Civil No.: BPG-18-1434

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 2, 4), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 16) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 20). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 16) is denied and Defendant's Motion (ECF No. 20) is granted.

I. **Background**

On December 22, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") and on January 28, 2015, plaintiff filed a Title XVI application for supplemental security income ("SSI"), alleging disability beginning on December 19, 2014. (R. at 194, 196). Her claims were initially denied on May 21, 2015 (R. at 119), and on reconsideration on September 10, 2015 (R. at 129, 131). After a hearing held on February 24, 2017, an Administrative Law Judge ("ALJ") issued a decision on July 7, 2017, denying benefits based on a determination that plaintiff was not disabled. (R. at 18–30). The Appeals Council denied plaintiff's request for review on March 16, 2018, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–5). Plaintiff challenges the Commissioner's decision on the grounds that: (1) the ALJ erroneously assessed plaintiff's residual functional capacity and (2) the ALJ erroneously evaluated plaintiff's subjective complaints.

II. **Discussion**

First, plaintiff states that the ALJ erroneously assessed her residual functional capacity ("RFC"). The RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "Only after that may [the RFC] be expressed in

terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" Id. (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, plaintiff argues that, while the ALJ did make an RFC assessment, the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence" and that the ALJ failed to conduct "any analysis which links the [RFC] findings with the evidence of record." (ECF No. 16-1 at 6). Specifically, plaintiff argues, the ALJ failed to account for plaintiff's need for an assistive device for standing and/or walking as well as plaintiff's hand impairments. (ECF No. 16-1 at 6–7). The ALJ noted that plaintiff testified that she had back pain that radiated down to her legs and up to her neck, that it is painful for her to sit or walk for long periods, that her knees hurt all the time, and that she has to walk with a cane and have someone walk with her. (R. at 24–25). The ALJ also noted that plaintiff testified that she sometimes has numbness in her fingers, that her hands hurt constantly, that she has difficulty gripping things, and that she uses tongs to pick things up at home. (Id.) The ALJ concluded that plaintiff had the RFC to perform sedentary work "except that she can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasional [sic] balance, stoop, kneel, crouch, and crawl." (R. at 25). The ALJ did not, however, impose any limitations regarding plaintiff's alleged need for an assistive device for standing and/or walking or hand impairments.

As noted by defendant, the Fourth Circuit has declined to impose "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Mascio, 780 F.3d at 636. Remand is appropriate, however, "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013 (per curiam)). Here, to support his conclusion, the ALJ stated that plaintiff's "most recent physical examination findings do not demonstrate any further exertional or manipulative limitations, and no treating source has opined that she is more limited." (R. at 27). Specifically, in 2015, the ALJ noted that plaintiff's "sensory and motor examinations were unremarkable," as were her subsequent nerve conduct test and right arm x-rays. (R. at 26). While treatment notes from December of 2015 noted that plaintiff was walking with a cane and a slowed gait, the ALJ stated that plaintiff's "doctor recommended continued physical therapy for strengthening exercises, noting that [plaintiff's] 'back pain and ambulation seem to currently be limited by deconditioning.'" (Id.) By April of 2016, plaintiff "reported significant improvement in her arm/elbow pain." (R. at 27). Additionally, by June of 2016, her physical examinations showed "normal range of motion, sensation, and grip strength in both wrists/hands," and plaintiff reported improved functioning. (Id.) By December of 2016, plaintiff "denied any significant joint pain or swelling and reported that her numbness/tingling was 'very

well controlled' with her current medications.'" In sum, the ALJ provided sufficient explanation for the court to meaningfully review his assessment of plaintiff's capacity to perform relevant functions. Mascio, 780 F.3d at 636. Further, the ALJ identified substantial evidence to support his RFC assessment and built "an accurate and logical bridge" from that evidence to his RFC assessment. Woods, 888 F.3d at 694. Accordingly, remand is not warranted on this basis.

Next, plaintiff argues that the ALJ improperly evaluated plaintiff's subjective complaints. (ECF No. 16-1 at 8). The Social Security regulations provide a two-step framework for considering subjective complaints. First, the ALJ determines whether "medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. §§ 404.1529(b), 416.929(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms by considering the evidence of record in its entirety. Id. §§ 404.1529(c), 416.929(c). At this second step, the ALJ considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms. Id. Further, the ALJ should also consider inconsistencies in the available evidence to ascertain whether a claimant's subjective claims of pain and its related symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). "An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain." Hinton v. Berryhill, No. SAG-16-4043, 2017 WL 4404441, at *3 (D. Md. Oct. 4, 2017) (citing Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (holding that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions)).

At the first step, the ALJ here found that plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (R. at 25). At the second step, the ALJ then, however, determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Id.) The ALJ discussed the objective medical evidence, summarized the findings of those records, and cited evidence in the record to support the conclusion that neither the objective medical evidence nor plaintiff's own statements to her medical providers supported the severity of plaintiff's impairments as alleged by plaintiff. (R. at 25–27). Specifically, the ALJ noted that plaintiff had several "unremarkable" physical examinations, that "diagnosing imaging has shown only mild degenerative changes in her lumbar spine and knees," and that plaintiff's "treatment notes reflect improved joint pain and functioning with physical therapy and medication." (Id.) In June of 2016, plaintiff "reported that she was walking more and that her only concern was her inability to lose weight." (R. at 27). Similarly, in December of 2016, plaintiff "denied any significant joint pain or swelling and reported that her numbing/tingling was 'very well controlled' with her current medications." (Id.) In sum, the ALJ properly considered both objective and subjective evidence in assessing plaintiff's credibility and finding that the record as a whole contradicted plaintiff's subjective complaints. Accordingly, the court concludes that the ALJ's conclusions regarding plaintiff's subjective complaints are supported by substantial evidence.

### III.     Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 16) is DENIED and Defendant's Motion (ECF No. 20) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge